## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

SARAH E. ISBELL, *et al.*,                    )
                                              )
          Plaintiffs,               )
                                              )
vs.                                           )    Case No. CIV-11-1423-D
                                              )
CITY OF OKLAHOMA CITY,                        )
OKLAHOMA, *et al.*,                           )
                                              )
          Defendants.               )

*Summary of Ruling*

*This temporary restraining order, as set forth more fully below, is entered for the purpose of preserving the status quo between the parties so that a more full presentation, and more deliberate consideration of the issues, may be made. It is not intended to be an indication of how the Court may rule on the motion for preliminary injunction or on the merits of this case.*

## **O R D E R**

The matter before the Court is Plaintiffs' Original Complaint, Motion for TRO and Injunction, and Brief in Support, filed *pro se* on December 1, 2011. Because this filing was insufficient to satisfy the requirements of Fed. R. Civ. P. 65(b)(1) for issuance of a temporary restraining order (TRO) without notice, the Court directed that notice be given to Defendant City of Oklahoma City,[1] and the Court convened a hearing on December 2, 2011. Plaintiffs appeared in

---

[1] Because the individual defendants are sued in their official capacities, the action against them is treated as a suit against the government entity of which they are officers or agents. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

person.  Defendant appeared through assistant municipal counselors, Richard C. Smith and Jennifer

M. Warren; Oklahoma City Police Chief William Citty and Assistant City Manager M.T. Berry also

appeared.  The Court has considered the Original Complaint and motion papers, including the

supporting declarations and exhibits, the objection filed by City Manager James Couch, and has

heard the arguments of counsel for the parties.  The Court now issues its ruling.

This civil rights action under 42 U.S.C. § 1983 seeks declaratory and injunctive relief and

damages for alleged violations of Plaintiffs' First Amendment rights of free speech, peaceable

assembly, and petition.  Plaintiffs are organizers or participants in a local political movement or

organization known as "Occupy OKC," which was formed as part of a nationwide movement that

began with Occupy Wall Street.  Occupy OKC has been occupying a downtown Oklahoma City

municipal park area, Kerr Park, since approximately October 11, 2011.  By this action, Plaintiffs

challenge the City's enforcement, or threatened enforcement, of municipal ordinances setting park

hours, requiring permits for special events, and regulating camping activities.  Plaintiffs contend that

certain municipal ordinances are unconstitutional, or are being unconstitutionally applied to them,

and that municipal officials have taken retaliatory actions to remove Occupy OKC from Kerr Park.

For the following reasons, the Court finds that a TRO should issue in order to permit an

orderly and deliberate consideration of whether a preliminary injunction is warranted in this matter.

The purpose of a TRO is to preserve the *status quo* between the parties and prevent irreparable harm

pending an evidentiary hearing regarding whether injunctive relief should be ordered.  *Granny

Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).  The "*status quo*" is the

last peaceable or uncontested status between the parties prior to the conflict at issue.  *Schrier v.

University of Colorado*, 427 F.3d 1253, 1260 (10th Cir. 2005).  As between Plaintiffs and the City,

their last peaceable or uncontested status apparently ended on November 28, 2011, when Plaintiff

2

Sarah Isbell was refused a permit for Occupy OKC's continued political rally in Kerr Park and informed that the park would be closed between the hours of 11:00 p.m. and 5:00 a.m. beginning at 11:00 p.m. that day. Plaintiffs were permitted to remain in the park after the initial deadline solely to give Plaintiffs an opportunity to seek court intervention.

The requirements for issuance of a TRO are essentially the same as those for a preliminary injunction: "the moving party must establish that (1) the movant will suffer irreparable injury unless the injunction issues; (2) the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003); *see O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 342 F.3d 1170, 1177 (10th Cir. 2003), *reh'g en banc*, 389 F.3d 973 (10th Cir. 2004), *aff'd sub nom.*, 546 U.S. 418 (2006). Although the concept of irreparable harm is not easily defined, the movant must identify an injury that is "both certain, great, actual and not theoretical." *See Heideman*, 348 F. 3d at 1189; *accord Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir.2001). A movant "satisfies the irreparable harm requirement by demonstrating 'a significant risk that he or she will experience harm that cannot be compensated after the fact by monetary damages.'" *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009) (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir.2003)). Further, under the modified standard applied in this circuit in appropriate cases, if a movant establishes that the first three requirements tip strongly in his favor, the movant "may meet the requirement for showing success on the merits by showing that questions going to the merits are so serious, substantial,

difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *Greater Yellowstone*, 321 F.3d at 1255-56; *see O Centro*, 389 F.3d at 976.[2]

In this case, Plaintiffs have made a sufficient showing of irreparable harm if the City goes forward with its plan to enforce the 11:00 p.m. to 5:00 a.m. curfew, resulting in the removal of Occupy OKC from Kerr Park during that time period each day.  It is well-settled that a "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality). The Court finds that the potential injury to Plaintiffs if the City is allowed to proceed outweighs any damage that the City may suffer from the issuance of a TRO.  The City, through counsel, stated unequivocally at the hearing its agreement that no attempt to remove Occupy OKC from the park was warranted while the instant motion is pending before the Court.  Similarly, the City has not identified any immediate threat to the public interest, and in fact, the Court finds that the public interest is better served by a more deliberate and full examination of the issues.  Finally, the Court finds that Plaintiffs have identified questions going to the merits of their claims that are sufficiently serious, substantial, and difficult that they deserve more deliberate consideration.  Without intimating any opinion of whether Plaintiffs will ultimately prevail on their claims, the Court finds that Plaintiffs have raised substantial questions about whether a violation of First Amendment rights can be shown.

For these reasons, the Court concludes that a TRO is necessary to preserve the *status quo* until a preliminary injunction hearing can be held and Plaintiffs' request for preliminary injunctive relief can receive more careful and deliberate consideration.  *See Hospital Resource Personnel, Inc.*

---

[2]  The modified standard does not apply to three types of historically disfavored injunctions:  "'(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits.'" *Schrier*, 427 F.3d at 1259 (quoting *O Centro*, 389 F.3d at 975).

*v. United States*, 860 F. Supp. 1554, 1556 (S.D. Ga. 1994). Pursuant to Fed. R. Civ. P. 65(c), the

Court finds that security in the amount of $550.00 is sufficient to protect the City from any harm

likely to be suffered if it should later be determined that this TRO was inappropriately issued.[3] The

Court will hear Plaintiff's request for a preliminary injunction on Wednesday, December 7, 2011,

at 1:00 p.m.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Temporary Restraining Order

[Doc. No. 2] is GRANTED and the TRO set forth below is entered as of the time recorded by the

Court's Electronic Case Filing System. Plaintiff shall post a bond or give acceptable security in the

amount of $550.00 within five (5) calendar days of this Order. The parties shall exchange any lists

of witnesses and exhibits for the preliminary injunction hearing required by LCvR43.1, and

accomplish the marking and disclosure of exhibits as required by LCvR39.4(a), by 11:00 a.m. on

Wednesday, December 7, 2011. By that same time, the parties shall file any further briefs or

proposed findings and conclusions of law for the Court's consideration.

## **TEMPORARY RESTRAINING ORDER**

IT IS HEREBY ORDERED that the City of Oklahoma City, its officers, employees and

agents, are temporarily restrained from proceeding with action to close Kerr Park to Plaintiffs as

members of Occupy OKC, or otherwise taking action inconsistent with the prior treatment of

Plaintiffs from and after the beginning of the protest in October 2011. Nothing herein shall be

deemed to restrict the City of Oklahoma City, or any other governmental agency, from taking

appropriate action to address emergency situations or other matters within Kerr Park which do not

---

[3] The parties agree that Plaintiffs or others associated with Occupy OKC have paid $55.00 per day for a permit from the City for the approximately 60 days since the protest began. The Court anticipates that a ruling on Plaintiffs' request for a preliminary injunction can be made with the next ten days.

impact the constitutional rights addressed herein.  This restraining order shall remain in full force and effect for a period of ten (10) days from the date of this Order, unless extended or otherwise modified by further order of the Court.  A hearing on Plaintiffs' request for a preliminary injunction will be held as set forth herein.

IT IS SO ORDERED this 2nd day of December, 2011.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE